DWIGHT, P. J., and HAIGHT, J., concurred.

Judgment and order appealed from affirmed.

---

In the Matter of the Proof and Probate of the Last Will and Testament of STEPHEN Y. GROOT, Deceased.

*Will — regularity of execution — testamentary capacity — undue influence.*

The admission to probate of a will made by a childless widower, leaving all his estate, which was a moderate one, to a sister of his deceased wife, who had sustained the relation of a daughter to him and was a member of his family, was contested by one of eleven nephews and nieces, the decedent's next of kin and heirs at law, on the grounds of undue influence, lack of testamentary capacity and informality of execution.

The evidence showed that the attestation clause was read by the scrivener in the presence of the decedent and the subscribing witnesses, and that the decedent then signed it and declared it to be his last will, and it was then signed by the witnesses at his request, and while the contents of the will were not at the time of its execution disclosed to the witnesses, it was apparent that the decedent was aware of its provisions; that the decedent was always a nervous and eccentric man, and in the latter years of his life addicted to tne use of stimulants to such a degree as to, at times, become intoxicated.

*Held*, that the testator was of sound and disposing mind at the time of the execution of the will, and that the disposition he made of his property was, under all the circumstances, natural and proper, and that the will was properly admitted to probate.

APPEAL by the contestant, Helen M. Tallman, from a decree of the Surrogate's Court of Cayuga county, entered on the 21st day of November, 1892, in said Surrogate's Court, admitting to probate the will of Stephen Y. Groot.

*Frank S. Coburn*, for the appellant.

*S. C. Payne*, for the respondent.

LEWIS, J. :

Stephen Y. Groot died at the city of Auburn on the 24th day of December, 1891, leaving an instrument purporting to be his last will and testament, which was executed on the 20th day of October, 1890. The sole beneficiary under the will is the proponent, Lilla A. Payne, and she was by the will appointed sole executrix. The instrument was, upon Mrs. Payne's application, admitted to probate as the will of the decedent by the special and acting surrogate of Cayuga county. Its probate was contested by a niece of the decedent, Miss Helen L. Tallman, of the city of New York. The grounds of the contest were that the alleged execution of the will was not the decedent's free and unconstrained or voluntary act, but the will was made and executed by the intervention of force and fraud, and by undue influence, and by misrepresentation, deceit and mistake, and that the decedent was not of a sound and disposing mind and understanding, and that the instrument was not executed in conformity with the provisions and requirements of the statute and was, therefore, invalid as his last will and testament. Decedent had been a resident of the city of Auburn for many years. Up till about twenty years prior to the time of his death he was engaged in the

grocery business, and had by industry and economy accumulated a small amount of property consisting of two dwelling houses, in one of which he was residing at the time of death; the other he had rented. The balance of his estate consisted of personal property.

About twenty years prior to his decease he had, because of failing health, sold out his grocery and retired from business. He was at that time extremely nervous, and his nervousness increased somewhat up to the time of his death. The decedent had a wife who died in the month of October, 1890, about four days prior to the execution of the will in question. They had no children. The beneficiary, Mrs. Payne, was not an heir at law nor next of kin of the decedent, but when three years of age she became a member of his family, and continued as such up to the time of her marriage. Thereafter and for a short time she resided with her husband and was not a member of decedent's family; but shortly after her marriage she became a widow, and immediately thereafter returned and remained as a member of decedent's family until the time of his death. The family consisted, prior to and up to the time of the death of Mrs. Groot, of the decedent, his wife, Mrs. Payne, and her mother, Mrs. Fleetwood.

After the death of Mrs. Groot, Mrs. Payne and her mother managed the household affairs.

The evidence tends to show that the will was duly and properly executed. Its provisions were very simple, the entire estate being given to Mrs. Payne. It was drawn by Mr. Turner, who was a practicing lawyer in Auburn. After the execution of the will he became the surrogate of the county of Cayuga, and was holding that office at the time the will was admitted to probate and for that reason the proceeding was heard by the special surrogate, R. F. Huff. Mr. Turner was present at the execution of the will and had charge of its execution. Mr. and Mrs. Chamberlain were present and became witnesses to the will at the personal request of the decedent. They were his near neighbors. When they arrived Mr. Turner had about finished drawing the will, and when he had completed it he read the attestation clause in the presence of the decedent and the witnesses, and the decedent then signed it and declared in their presence that it was his last will, and at his request they became subscribing witnesses thereto.

While the contents of the will were not, at the time of its execution, disclosed to the witnesses, it is apparent from the evidence that the decedent was aware of its provisions. The evidence tended to show that the decedent was all through his lifetime an exceedingly nervous man and in some respects peculiar. His peculiarities and eccentricities became somewhat exaggerated in the latter part of his life; the evidence tends to show that his eccentricities existed during the time he was engaged in business. He was very diligent in business, exceedingly particular, especially in small things about the store. He became somewhat addicted, during the latter years of his life, to the use of stimulants to such a degree as to sometimes become intoxicated. But we think the surrogate's finding that the decedent was of a sound and disposing mind when he executed the will is fully sustained and warranted by the evidence.

The case is quite barren of evidence tending to sustain the allegation of undue influence. The evidence tends to show that Mrs. Payne, her mother and the deceased resided in the same house as members of one family and upon terms of great friendship; the decedent frequently spoke of them in terms of affection and esteem. The case is barren of any evidence showing any acts on the part of Mrs. Payne or her mother to influence the decedent to make the will. The heirs at law and next of kin of the deceased consisted of eleven nieces and nephews. His relations with them, while not unfriendly, were not shown to have been of a very intimate character. Mrs. Payne had sustained the relation of a daughter to the deceased. She was a younger sister of the deceased's wife.

A few years prior to the making of the will in question, he had executed a will devising and bequeathing all of his property to his wife. Four days after her death, he executed the will in question, and the evidence failed to raise a reasonable presumption that its execution was brought about by any undue influence brought to bear upon him by anyone. The disposition he made of his property, under all the circumstances, appears to be natural and proper. The estate was not large, consisting, as stated, of two dwelling houses and a small amount of personal property, the income from which was barely sufficient, by economy and frugality, to support his family; and he naturally, under the circumstances, concluded that the proper disposition to make of his estate was to devote it to

the support of Mrs. Payne and her mother. We find nothing in the record justifying a reversal of the decree appealed from.

It should be affirmed, with costs against the appellant. .

HAIGHT and BRADLEY, JJ., concurred.

Decree of the Surrogate's Court of Cayuga county appealed from affirmed, with costs against the appellant.